**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: MERUELO MADDUX PROPERTIES, INC., | No. 13-56545 |
| Debtor, | D.C. No. 2:11-cv-05458-SVW |
| JOHN CHARLES MADDUX; JOHN CHARLES MADDUX TRUST, U/DT dated July 24, 2006; SUNSTONE BELLA VISTA, LLC, | MEMORANDUM[*] |
| Appellants, | |
| v. | |
| CHARLESTOWN CAPITAL ADVISORS, LLC; HARTLAND ASSET MANAGEMENT CORPORATION; OFFICIAL COMMITTEE OF EQUITY HOLDERS; GLOBAL ASSET CAPITAL, LLC; GAC REAL ESTATE PARTNERS, LLC, | |
| Appellees., | |
| and | |
| BANK OF AMERICA, NA, | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Objector.

JOHN CHARLES MADDUX; JOHN CHARLES MADDUX TRUST, U/DT dated July 24, 2006; SUNSTONE BELLA VISTA, LLC,

Appellants,

v.

CHARLESTOWN CAPITAL ADVISORS, LLC; HARTLAND ASSET MANAGEMENT CORPORATION; EVOQ PROPERTIES, INC.,

Appellees.

No. 13-56546

D.C. No. 2:11-cv-05832-SVW

In the Matter of: EVOQ PROPERTIES, INC.,

Debtor,

RICHARD MERUELO,

Appellant,

v.

CHARLESTOWN CAPITAL ADVISORS, LLC; HARTLAND ASSET MANAGEMENT CORPORATION,

No. 13-56547

D.C. No. 2:11-cv-05577-SVW

2

Appellees.

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted October 20, 2015
Pasadena, California

Before: RAWLINSON and NGUYEN, Circuit Judges and BOULWARE,[**] District Judge.

Appellants John Charles Maddux, The John Charles Maddux Trust U/D/T/ Dated July 24, 2006, Sunstone Bella Vista, LLC, and Richard Meruelo (Meruelo) challenge the bankruptcy court's confirmation of a plan of reorganization for Meruelo Maddux Properties, Inc. (Debtors) proposed by Appellees Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation (Charlestown). Appellants contend that the bankruptcy court erred in determining the fair value for the price of shares in the reorganized debtor without holding a valuation hearing to ascertain the reorganized debtor's residual value based on expert testimony. Appellants also assert that the bankruptcy court improperly took judicial notice of the stock's over-the-counter trading price.

_____

[**] The Honorable Richard F. Boulware, District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

3

"A bankruptcy court's conclusions of law, including its interpretation of the Bankruptcy Code, are reviewed de novo." *HSBC Bank USA v. Blendheim* (*In re Blendheim*), 803 F.3d 477, 489 (9th Cir. 2015) (citation omitted). We review the bankruptcy court's factual findings in confirming a plan of reorganization for clear error. *See Fireman's Fund Ins. Co. v. Plant Insulation Co.* (*In re Plant Insulation Co.*), 734 F.3d 900, 908 (9th Cir. 2013).

**1.** Although Meruelo was the only party named in his notice of appeal, we construe the notice of appeal as including entities whose interest he represented during the bankruptcy proceedings. *See Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC*, 339 F.3d 1146, 1148 (9th Cir. 2003) (articulating that "if it appears on the face of the notice that an appeal is intended by a party not named, then the appeal is deemed well taken"); *see also* Fed. R. App. P. 3(c)(4) ("An appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice.").[1]

---

[1] Consistent with our prior order denying Charlestown's motion to dismiss, we conclude that this appeal is not jurisdictionally or equitably moot. *See JPMCC 2007-C1 Grasslawn Lodging, LLC. v. Transwest Resort Prop. Inc.* (*In re Transwest Resort Prop., Inc.*), 801 F.3d 1161, 1173 (9th Cir. 2015) (holding that a bankruptcy appeal was not moot because some form of limited relief may be provided on remand to the bankruptcy court despite substantial consummation of

(continued...)

**2.** The bankruptcy court did not err in confirming the plan of reorganization that divided insider and non-insider shareholders into separate classes. *See Barakat v. Life Ins. Co. of Va.* (*In re Barakat*), 99 F.3d 1520, 1525 (9th Cir. 1996).

**3.** Appellants failed to demonstrate that the bankruptcy court was statutorily or legally compelled to utilize a certain valuation method in determining a fair value for stock in the reorganized debtor. The bankruptcy court properly valued the stock based on the competitive bidding process resulting from negotiations in support of the various proposed plans of reorganization. *See Bank of America Nat'l Trust & Savings Ass'n v. 203 North LaSalle Street P'ship*, 526 U.S. 434, 457 (1999) (approving a market-based method to assess value because "the best way to determine value is exposure to a market") (citations omitted). The record supports the bankruptcy court's determination that forty-five cents was a fair and equitable stock price, as reflected in Debtors' proposed plan offering twenty-five cents per share and Debtors' agreement that a lender could tender its shares at fifty cents per share as consideration for a secured loan.

------

[1](...continued)
the plan of reorganization).

Neither *Consolidated Rock Prod. Co. v. Du Bois*, 312 U.S. 510 (1941), nor *Protective Comm. For Independent Stockholders of TMT Trailer Ferry Inc. v. Anderson*, 390 U.S. 414 (1968), compels a contrary conclusion. In those pre-Bankruptcy Code decisions, the Supreme Court did not denominate a valuation hearing with expert testimony concerning the reorganized debtor's residual value the exclusive method to determine value. *See Consolidated Rock*, 312 U.S. at 525; *see also TMT Trailer*, 390 U.S. at 444. The bankruptcy court simply was not required to determine the residual value of the enterprise as a going concern as an alternative to competitive bidding. *See LaSalle*, 526 U.S. at 457.

**4.** The bankruptcy court did not err in taking judicial notice of the stock's over-the-counter price as an additional measurement of fair value. *See Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 & n.7 (9th Cir. 2008), *as amended*. In one of its proposed plans of reorganization, Debtors offered eight cents per share premised on the over-the-counter price. In addition, Appellants were afforded an opportunity to challenge the bankruptcy court's consideration of the stock price, and the bankruptcy court conducted an extensive hearing to resolve the valuation issue. The forty-five cents per share price inured

to Appellants' benefit, as it was well above Debtors' proposed valuation of twenty-five cents per share.

**5.** Appellants' argument that the bankruptcy court impermissibly shifted the burden of proof concerning the stock's value to Appellants is unavailing. Rather, the bankruptcy court provided Appellants an equal opportunity to present evidence of value. *See Fireman's Fund Ins.* Co., 734 F.3d at 909 (considering solution proposed by objectors).

**AFFIRMED.**